# EXHIBIT A

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 26-007217-NO Hon.Dana Margaret Hathaway |
|---|---|---|

Court telephone no.: 313-224-2444

| Plaintiff's name(s), address(es), and telephone no(s) Gaines, Jason | v | Defendant's name(s), address(es), and telephone no(s). 7-Eleven |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no Mark Edward Sisson 75250 30200 Telegraph Rd Ste 102 Bingham Farms, MI 48025-4503 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number_____ and assigned to Judge_____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 4/30/2026 | Expiration date* 7/30/2026 | Court clerk Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)          **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



SUMMONS

Case No.: **26-007217-NO**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | | Date and time of service |
|------|--|--------------------------|
| Place or address of service | | |
| Attachments (if any) | | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ Attachments (if any) _____ on _____ Date and time

_____ on behalf of _____.

Signature
_____

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JASON GAINES,

Case No. 26-    -NO
Hon.

Plaintiff,,

v.

7-ELEVEN,

Defendant.
_____/

| | |
|---|---|
| THE MARK SISSON LAW FIRM, PLLC<br>MARK E. SISSON (P75250)<br>Attorney for Plaintiff.<br>30200 Telegraph Rd. Ste. 102<br>Bingham Farms, MI 48025<br>(248) 829-3088/ Fax: (734) 655-9045<br>msisson@marksissonlaw.com<br>mboehringer@marksissonlaw.com<br>kshea@marksissonlaw.com | |

There is no other pending or resolved civil action arising out of the transaction or occurrence as alleged in the complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other pending or resolved civil action not between these parties, arising out of the transaction or occurrence as alleged in the complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

## PLAINTIFF'S COMPLAINT

NOW COMES the Plaintiff,, JASON GAINES, through his attorneys, THE MARK SISSON LAW FIRM, PLLC, by MARK E. SISSON, and for his cause of action against the above-named Defendants, 7-ELEVEN, states unto this Honorable Court as follows:

1. Plaintiff.JASON GAINES is a resident of the City of Belleville, Wayne County, Michigan.

Jacqueline Ruff    4/30/2026 9:35 AM    Cathy M. Garrett    WAYNE COUNTY CLERK    26-007217-NO FILED IN MY OFFICE


MARK SISSON
LAW FIRM

2. Defendants 7-ELEVEN is a business operating in the City of Canton, Wayne County, Michigan.

3. The amount in controversy exceeds Twenty-Five Thousand and 00/100 ($25,000.00) Dollars.

## GENERAL ALLEGATIONS

4. On or about May 23, 2025, Plaintiff Smith was a customer at 7-ELEVEN located at 45490 Michigan Ave Canton, MI 48188.

5. The property located at 45490 Michigan Ave Canton, MI 48188 was/is being operated by Defendant 7-ELEVEN.

6. Mr. Gaines was walking within the building complex controlled by 7-ELEVEN where he encountered a foreign substance which he stepped on, slipped, and fell.

7. Mr. Gaines's body was thrown to the ground resulting in injury.

8. Mr. Gaines suffered severe injuries including but not limited to his head, concussion, loss of consciousness, neck, left hip, low back, memory issues, and vision issues.

## COUNT I
## NEGLIGENCE/PREMISES LIABILITY

9. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

10. On or about May 23, 2025, Gaines was a business invitee of 7-ELEVEN.

11. 7-ELEVEN owed duties to Gaines as a business invitee to:

    a. warn of the dangers which it knew or should have known existed on the premises;
    b. to inspect the premises to discover possible dangerous conditions of which it did not have knowledge;
    c. to take reasonable precautions to protect invitees from dangers that were foreseeable;
    d. to take reasonable measures to remove the dangerous condition within a reasonable period of time;
    e. to exercise reasonable care in the removal of hazardous conditions;



MARK SISSON
LAWFIRM

2



f. to adequately supervise and train its employees, servants and agents so that they exercise reasonable care in maintaining the premises for invitees;

g. to provide adequate staff to maintain the premises in a reasonably safe condition.

12. 7-ELEVEN breached its duties to Gaines, through its acts and omissions, including, but not limited to:

a. failure to warn invitees, including Plaintiff, of the dangerous condition which it knew or should have known existed;

b. creating a hazardous condition by not negligently dropping the foreign substance on the ground that it created a slip and fall hazard for invitees, including Plaintiff;

c. failure to inspect the premises for dangerous conditions, which it knew or should known existed and would be a hazard to invitees;

d. failure to take reasonable measures to remove the hazard, or other dangerous conditions, after it knew or should have known about their existence;

e. failure to exercise reasonable care in the removal of the hazardous condition which was a foreseeable danger to invitees;

f. failure to remove the hazard, or other dangerous conditions, when it had actual or constructive notice of the dangerous condition ;

g. failure to supervise and train its employees, agents and servants in the maintenance of the premises;

h. failure to provide sufficient staff to adequately perform removal of dangerous conditions on its land.

13. As a direct and proximate result of 7-ELEVEN'S negligence, Plaintiff suffered injuries, including but not limited to: his head, lower extremities, and neck.

## COUNT III
## VIOLATION OF MCL 554.139 BY DEFENDANT

14. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

15. Defendants had a duty to maintain the subject property in reasonable repair.

16. Defendants had a duty to keep the subject property fit for its intended purposes.



MARK SISSON
—— LAW FIRM ——



3

17.     Defendants breached their statutory duties to Plaintiffs through their acts and omissions, including, but not limited to:

a. Failing to maintain the subject property in reasonable repair;
b. Failing to keep the subject property fit for its intended purposes;
c. Failing to prevent the development of ice in the in the road by taking reasonable action to stop the accumulation of ice;
d. Failing to remediate the ice after they knew or should have known of its existence;

18.     As a direct and proximate result of the Defendants' violation of MCL 554.139, the Plaintiffs have suffered personal injuries and emotional distress.

WHEREFORE, Plaintiff JASON GAINES prays that this Honorable Court enter a judgment in his favor against Defendant 7-ELEVEN in an amount in excess of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars that this Court deems fair and just, plus costs, interest, and attorney fees.

Respectfully submitted,
THE MARK SISSON LAW FIRM, PLLC

/s/  *Mark E. Sisson*
MARK E. SISSON (P75250)
MATTHEW F. BOEHRINGER (P79332)
THE MARK SISSON LAW FIRM
Attorneys for Plaintiff
30200 Telegraph Rd. Suite 102
Bingham Farms, MI 48025
248-443-3022/ fax: 734-655-9045
msisson@marksissonlaw.com
mboehringer@marksissonlaw.com
kshea@marksissonlaw.com


MARK SISSON
—— LAW FIRM ——



4